MILTON HERDER, PROSECUTOR, v. ALBERT N. SHAHADI, RECORDER OF THE CITY OF ATLANTIC CITY, AND THE CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION, RESPONDENTS.

Argued May 7, 1940—Decided July 13, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *H. Albert Hyett.*

For the respondents, *Samuel Backer* and *Daniel J. Dowling.*

The opinion of the court was delivered by

CASE, J.    The writ brings up the record of conviction of the prosecutor and with it the ordinance (printed as a footnote hereto) of the city of Atlantic City upon which the conviction was based.    The ordinance, in its relevant aspects, provides that newspapers and periodicals shall be sold upon the highways or in public places of the city only by persons who shall have obtained a permit at a fee of twenty-five cents and that sale shall be had only under the conditions and regulations contained within the ordinance or provided for therein; that the director of public safety shall be the issuing authority with power to revoke upon violation of the rules and regulations; that the director may make regulations relative to the exercise of the permit, said regulations to be approved by the commissioners of the city; that a permit shall be effective during the period fixed therein but in no

event beyond one year; sale without the permit or other violation of the provisions of the ordinance is made punishable, upon conviction, by a fine not exceeding $25 or by imprisonment in the city jail for five days on default of the payment of the fine. Prosecutor was charged with and convicted of selling upon the highways and in the public places of the municipality, without having obtained a permit and contrary to the provisions of the ordinance, copies of a newspaper called the "Weekly People" and was fined the sum of $5 or on default in the payment of the fine was sentenced to imprisonment in the city jail for five days. Prosecutor contends that the conviction was unlawful in that the ordinance upon which it depends is in violation of the free speech and free press provisions of the federal and state constitutions.

It is futile to consider whether, or what, regulations may lawfully be impressed upon the sale of newspapers. This ordinance does not, in any true sense, regulate. It requires the proposed vendor to obtain a permit and lays upon the vendor the obligations of complying with such regulations as the director of public safety—with the approval of the city commissioners—may impose. Are the regulations which the director has imposed reasonable? We do not know, because they are not before us. But we know that the director of public safety has not the power to pass ordinances even if his edict carries the approval of the commissioners. In that blind provision, appearing on the face of the ordinance, as to the conditions upon which newspapers and periodicals may be sold, lies a vice which, in our opinion, is sufficient to make manifest that the ordinance violates the constitutional provisions regarding free speech and free press. Adopting the language recently used by the United States Supreme Court in *Thornhill* v. *State of Alabama*, 84 *Law Ed. Advance Opinions, No.* 13, *p.* 659, the existence of such a provision "readily lends itself to harsh and discriminatory enforcement by local prosecuting officials against particular groups deemed to merit their displeasure." No convincing reason appears within the terms of the ordinance or is advanced to us for the enactment of the ordinance. It is conceded that the purpose is not to secure revenue. The direction that a permit

shall not be issued to any child under the age of sixteen years without application by the child's guardian is parenthetical and incidental. The ordinance really resolves itself into the proposition that newspapers and periodicals shall not be sold upon the highways and in the public places of the city except upon conditions which are not enumerated in the ordinance and which are determined, without the solemnity or publicity of an ordinance, by the director of public safety subject to the approval of the commissioners. Such an indefinite and covert control over the distribution of information and argument is, we believe, pernicious and wholly at variance with constitutional provisions as interpreted by recent and controlling court opinions in both state and nation. This case involves a novel element in that it is flatly upon a sale rather than upon gratuitous distribution or distribution in the hope of or with a simple request for a contribution; but on the issues of the instant litigation we think that this difference from the facts of the decided cases does not create a distinction in the applicable principles. Indeed, the ordinance which in *Lovell* v. *City of Griffin*, 303 *U. S.* 444; 82 *L. Ed.* 949, was declared invalid on its face applied by its terms to distribution whether free or on sale. The pertinent constitutional provisions are section 1 of the Fourteenth Amendment to the Federal Constitution and article 1, section 5 of the State Constitution. Court decisions which control either by direct holding or parity of reasoning are *Edgewater* v. *Cox*, 123 *N. J. L.* 212; *Grosjean* v. *American Press Co., Inc.*, 297 *U. S.* 233; 80 *L. Ed.* 660; *Lovell* v. *Griffin, supra; Schneider* v. *Irvington*, 84 *Law. Ed. Advance Opinions No.* 2, *p.* 115; *Hague* v. *C. I. O.*, 307 *U. S.* 496; 83 *L. Ed.* 1423; *Thornhill* v. *Alabama, supra.*

The judgment of conviction will be set aside, with costs.

"*An Ordinance* regulating the selling of newspapers and periodicals upon highways and in public places of Atlantic City.

The Board of Commissioners of Atlantic City do ordain:

*Section 1.* That newspapers and periodicals shall be sold upon the highways or in public places of Atlantic City only

by persons who shall have obtained a permit so to do, as is provided for by this ordinance, and sold only under the conditions and regulations herein contained or provided for.

*Section 2.* The Director of Public Safety may make regulations relative to the exercise of the privilege of selling, exposing for sale and offering for sale newspapers and periodicals within the limits of the City of Atlantic City, said regulations to be approved by the Commissioners of the City of Atlantic City.

*Section 3.* That the Director of Public Safety be and he is hereby authorized to issue permits and badges to persons complying with the rules and regulations provided for in the preceding paragraph hereof. (No permit shall be issued to any child under the age of sixteen years without application therefor being made by the father, guardian or person having control of such child.) Said permits to continue for the period fixed in said permit or permits, said period in no event to extend beyond one year from the date of said permit, and to be revoked by the Director of Public Safety upon any violation of the rules and regulations under which said permit may be issued or herein provided. A fee of 25 cents shall be paid upon securing the badge herein provided for.

*Section 4.* That such permit and badge, when issued, shall be non-transferable, and no badge shall be at any time worn by any other person than the one to whom it was originally issued.

*Section 5.* That such badge shall be worn by the licensee conspicuously, and such permit shall be presented whenever required by any police or truant officer in the City of Atlantic City.

*Section 6.* No person possessing said permit shall sell any newspaper or periodical which is not the paper or periodical which it is represented to be, nor shall any sale thereof be induced by false or fraudulent representations as to the contents thereof.

*Section 7.* That if any licensed person shall sell, or expose, or offer for sale, within the limits of Atlantic City, any newspaper or periodical under circumstances forbidden by the

provisions of this Ordinance and the rules and regulations above provided for, the Director of Public Safety shall have power to revoke such permit, secure the badge issued therewith, and such person shall not be relicensed for such period, not beyond six months, as may be determined by said Director. Any person who shall sell or offer for sale upon any highway or in any public place in Atlantic City, newspapers or periodicals, without securing the permit herein provided for, or who shall violate any of the provisions of this ordinance, shall, upon conviction thereof, pay a fine of any amount not exceeding $25, or be imprisoned in the City Jail for five days in default of the payment of said fine.

*Section 8.* All ordinances or parts of ordinances inconsistent with this ordinance be and the same are hereby repealed to the extent of such inconsistencies."